UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                     CASE NO. 3:19-cr-69-J-39JRK

KIMBERLY DUES

**UNITED STATES' NOTICE OF MAXIMUM PENALTIES,
ELEMENTS OF OFFENSE, PERSONALIZATION OF ELEMENTS
AND FACTUAL BASIS**

The United States of America, by and through its undersigned Assistant United States Attorney, states as follows:

A.    **MAXIMUM PENALTIES**

The defendant has expressed a desire to enter a plea of guilty to the offense charged in Count One of the Indictment. Count One charges the defendant with disaster assistance fraud, in violation of Title 18, United States Code, Section 1040. Count One carries a maximum sentence of up to 30 years imprisonment, a fine of no more than $250,000, or both a term of imprisonment and a fine, a term of supervised release of up to 5 years, and a special assessment of $100, said special assessment to be due on the date of sentencing. A violation of the terms and conditions of supervised release carries a maximum sentence of up to 3 years of imprisonment, as well as the possibility of an additional term of supervised release.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community. The United States will be seeking restitution in the amount of $32,038.

B. **ELEMENTS OF THE OFFENSE**

**Count One**

The elements of an offense in violation of Title 18, United States Code, Section 1040 are:

> First: The Defendant knowingly made a materially false or fraudulent statement or representation;
>
> Second: the statement or representation was in connection with a benefit;
>
> Third: the benefit was in connection with a major disaster declaration under Title 42 of the United States Code; and
>
> Fourth: the benefit was a record, voucher, payment, money, or thing of value of the United States or the Federal Emergency Management Agency.

## C. PERSONALIZATION OF ELEMENTS

### Count One

1. Do you admit that on or about September 15, 2017, in the Middle District of Florida, you knowingly made a materially false and fraudulent statement and representation, that is, you falsely stated in an application for disaster assistance benefits involving the Federal Emergency Management Agency's (FEMA) Individuals and Households Program that your primary residence was 1714 Rutledge Avenue, Jacksonville, Florida?

2. Do you admit that the false statement was in connection with your application for disaster assistance benefits involving Hurricane Irma?

3. Do you acknowledge that the disaster assistance benefits were in connection with a major disaster declaration under Title 42 of the United States Code?

4. Do you admit that the benefits were money from FEMA?

## D. FACTUAL BASIS

### 1. Purpose

The following facts are set forth to aid the Court in making an inquiry to satisfy it that there is a factual basis for the plea of guilty in accordance with Rule 11(f), Fed. R. Crim. P. The government reserves its right to provide all

relevant information concerning the defendant and the offense committed to the Probation Office and the Court for sentencing purposes.

2. **Facts**

On September 10, 2017, President Donald Trump pursuant to Title 42 of the United States Code declared a major disaster for the State of Florida, backdating the declaration to September 4, 2017, due to Hurricane Irma. On November 15, 2017, the Department of Homeland Security, Office of Inspector General (DHS-OIG), received an allegation that Kimberly Dues (Dues) made false statements to the Federal Emergency Management Agency (FEMA) in order to receive disaster assistance benefits. Upon receipt of the allegation, DHS-OIG determined that on or about September 15, 2017, Dues submitted an application to FEMA for disaster assistance benefits through the Individuals and Households Program (IHP) involving Hurricane Irma.

A review of the application by DHS-OIG determined that Dues claimed that her primary residence, 1714 Rutledge Avenue, Jacksonville, Florida, was damaged due to Hurricane Irma. Due to storm damage to the 1714 Rutledge Avenue property, she was required to relocate and was in need of disaster assistance benefits. Based on her answers during the application process to include the aforementioned September 15, 2017, statement, FEMA awarded Dues disaster assistance benefits in the form of money totaling $32,038. On or

about October 11, 2017, FEMA wired the funds from Kansas City, Missouri to Dues' Regions Bank account in Jacksonville, Florida. Follow up investigation by DHS-OIG determined that Dues did not live at the 1714 Rutledge Avenue property during the timeframe she indicated on her application to FEMA for disaster assistance benefits. Rental property documents established that Dues moved from the 1714 Rutledge Avenue property approximately six months prior to Hurricane Irma hitting Florida.

On July 19, 2018, DHS-OIG Special Agents DePalma and Tame met with Dues at her place of employment. Prior to asking Dues any questions regarding her disaster assistance application, SA DePalma explained that DHS-OIG was conducting criminal investigations regarding individuals who allegedly provided false information in their FEMA disaster assistance application involving Hurricane Irma. He explained that it was a voluntary interview and that Dues could choose what questions that she would like to answer. During the course of a voluntary interview, SA DePalma reviewed with Dues her FEMA disaster assistance application. Dues explained that she submitted her application to FEMA from Jacksonville, Florida. Dues reaffirmed all of the information on the application to include the fact that she lived at the 1714 Rutledge Avenue property at the time of Hurricane Irma and was required to relocate due to storm damage. After confronting Dues with

rental property documents and other information showing that she moved from the 1714 Rutledge Avenue property approximately six months prior to Hurricane Irma hitting Florida, Dues admitted that she made false statements on her application for disaster assistance benefits. She admitted that she did not live at the 1714 Rutledge Avenue property at the time of Hurricane Irma. She acknowledged receiving $32,038 in disaster assistance benefits from FEMA and that the funds were was deposited in her bank account.

MARIA CHAPA LOPEZ
United States Attorney

By: *Kevin C. Frein*
KEVIN C. FREIN
Assistant United States Attorney
Florida Bar No. 0149144
300 North Hogan Street, Ste 700
Jacksonville, Florida 32202
Telephone: (904) 301-6300
Facsimile: (904) 301-6310
E-mail: kevin.frein@usdoj.gov

U.S. v. KIMBERLY DUES                    Case No. 3:19-cr-69-J-39JRK

## CERTIFICATE OF SERVICE

I hereby certify that on June 12th, 2019, I filed the foregoing with the Clerk of the Court in open court and previously hand delivered a true and correct copy to the following:

Mark Rosenblum, Esq.

                                        KEVIN C. FREIN
                                        Assistant United States Attorney